**Ronnie VON ROBINSON,**
**Petitioner–Appellant,**

v.

**Charles D. MARSHALL, Warden; Attorney General of the State of California, Respondents–Appellees.**

No. 94–56485.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 10, 1995.

Decided Sept. 22, 1995.

Alex Ricciardulli, John Hamilton Scott, Albert J. Menaster, Deputy Public Defenders, Los Angeles, CA, for petitioner-appellant.

Karen Bissonnette, John R. Gorey, Carol Wendelin Pollack, George Williamson, Deputy Attorneys General, Los Angeles, CA, for respondents-appellees.

Before: BROWNING, NORRIS and REINHARDT, Circuit Judges.

PER CURIAM:

Ronnie Von Robinson, a California state prisoner, appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition seeking 119 days additional custody credits toward his sentence. Robinson argues that California Penal Code § 2900.5 [1] violates the Equal Protection Clause by making an arbitrary distinction between multiple offenders sentenced to concurrent sentences on the same day and multiple offenders sentenced to concurrent sentences on different days.

On two different days, Robinson pleaded guilty to separate indictments in different branches of the Los Angeles Superior Court charging robberies that were unrelated but were all committed on October 31, 1991. On two other days, he was sentenced for those separate robberies. In the San Fernando branch, Robinson pleaded guilty to and was subsequently sentenced on one count of robbery with use of a firearm and in the Van Nuys branch, he pleaded guilty to and was subsequently sentenced on two counts of robbery with use of a firearm.

Robinson contends that had he been sentenced for his offenses on the same day, his presentence custody credit would have been applied to all his convictions. However, as there was a delay of 119 days between his first and second sentencings, he argues that § 2900.5 unconstitutionally bars him from receiving full credit toward his second set of offenses. The period for which Robinson was denied credit is the period during which he was serving his San Fernando sentence prior to the time his Van Nuys sentence was imposed. He did receive credit, however, on *both* sentences for the time he was detained following his arrest on October 31, 1991 until the date he commenced serving his first sentence.

Robinson asserts that his equal protection claim should be reviewed under a strict scrutiny standard because his fundamental right to liberty was impaired by the application of § 2900.5 to deny him 119 days of presentence custody credit. Additionally, he claims that even under a rational basis standard, his equal protection challenge still succeeds because the disparate treatment afforded multiple offenders under California Penal Code § 2900.5 is not rationally related to a legitimate government interest.

We understand Robinson to be asserting that the denial of 119 days presentence custody credit is a denial of a "liberty interest" the state allegedly vested in him when California Penal Code § 2900.5 went into effect. The state of California has, however, created no such liberty interest in credit for any period of presentence custody for which a defendant cannot show "that he could have been free" during the time period in question "but for the same conduct that led to the instant conviction and sentence." *People v. Bruner*, 9 Cal.4th 1178, 40 Cal. Rptr.2d 534, 544, 892 P.2d 1277, 1287 (1995). *See, e.g., McQueary v. Blodgett*, 924 F.2d 829, 833 (9th Cir.1991) (state's enactment of sentencing reform act did not vest prisoner sentenced prior to the act's effective date with liberty interest in reduced sentence).

Because Robinson's claim does not implicate a suspect class or fundamental

---

1. California Penal Code § 2900.5 provides, in relevant part:

  (a) In all felony and misdemeanor convictions, either by plea or by verdict, when the defendant has been in custody, including ... any time spent in jail, ... prison, ... or similar residential institution, or home detention program, all days of custody of the defendant, ... shall be credited upon his or her term of imprisonment....

  (b) For the purposes of this section, credit shall be given only where the custody to be credited is attributable to proceedings related to the same conduct for which the defendant has been convicted. Credit shall be given only once for a single period of custody attributable to multiple offenses for which a consecutive sentence is imposed.
Cal.Penal Code § 2900.5 (West 1995).

right, the relevant inquiry is whether § 2900.5 is "patently arbitrary and bears no rational relationship to a legitimate governmental interest." *Vermouth v. Corrothers,* 827 F.2d 599, 602 (9th Cir.1987). Section 2900.5 credits prisoners only for such presentence time served as to which they would otherwise have been free. Limiting credit for time served to time served on account of the offense or conduct involved is not patently arbitrary. Nor is refusing to count time which is being served on account of an entirely different offense. As it has consistently been construed by the California Supreme Court, § 2900.5 provides:

> that where a period of presentence custody stems from multiple, unrelated incidents of misconduct, such custody may not be credited against the subsequent formal term of incarceration if the prisoner has not shown that the conduct which underlies the term to be credited was also a "but for" cause of the earlier restraint.

*Bruner,* 40 Cal.Rptr.2d at 543, 892 P.2d at 1286.

"For statutory challenges made on Equal Protection grounds, 'the general rule is that legislation is presumed to be valid and will be sustained if the classification drawn by the statute is rationally related to a legitimate governmental interest.'" *United States v. Harding,* 971 F.2d 410, 412 (9th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1025, 122 L.Ed.2d 170 (1993). The basic purposes of California Penal Code § 2900.5 are 1) to eliminate "the unequal treatment suffered by indigent defendants who, because of their inability to post bail, serve a longer overall confinement for a given offense than their wealthier counterparts" and 2) to equalize "the actual time served in custody by defendants convicted of the same offense." *In re Joyner,* 48 Cal.3d 487, 256 Cal.Rptr. 785, 789, 769 P.2d 967, 971 (1989).

[T]he purpose of section 2900.5 is to ensure that one held in pretrial custody on the basis of unproven criminal charges will not serve a longer overall period of confinement upon a subsequent conviction than another person who received an identical sentence but did not suffer preconviction custody.

*Bruner,* 40 Cal.Rptr.2d at 537, 892 P.2d at 1280.

While we note that the rational basis standard does not require that the state choose the fairest or best means of advancing its goals, *see, e.g. Vermouth,* 827 F.2d at 603, we also note that rich and poor, indigent and non-indigent, receive equal treatment under § 2900.5. The ability or inability to make bail has no effect on the amount of time a prisoner is ultimately required to serve. No one receives credit for the time he is out on bail. No one receives credit for the time that he is serving a sentence for an unrelated crime. All persons receive credit if the sole reason they are incarcerated is because they are awaiting trial on the offense involved or if they are otherwise incarcerated for the same conduct. Section 2900.5 need only bear some rational relationship to the state's objectives in implementing it. We find that it does bear such a relationship and its application to multiple offenders sentenced on two different dates does not constitute a denial of equal protection. Therefore, we agree with the district court's conclusion that neither California Penal Code § 2900.5 nor its application to Robinson constitutes a denial of equal protection.[2]

AFFIRMED.

---

2. To the extent that a difference in treatment exists between persons given concurrent sentences on the same day for multiple unrelated offenses and persons given concurrent sentences for such offenses on different days, that difference arises out of the provisions of other statutes governing the imposition of sentences. We are not asked here to consider any other of the multifarious provisions of California's sentencing statutes or laws to determine their constitutionality. We note, however, that appellant has raised no arguments that would cause us to question their validity in any regard.