Filed 11/21/13  P. v. Crandall CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MATT LEWIS CRANDALL,<br><br>    Defendant and Appellant. | 2d Crim. No. B247564<br>(Super. Ct. No. F457321)<br>(San Luis Obispo County) |

Matt Lewis Crandall appeals the judgment entered after he pled guilty to carrying a concealed firearm (Pen. Code,[1] former § 12021, subd. (a)(1), now § 29800, subd. (a)).  Pursuant to a negotiated disposition, the trial court sentenced him to two years in state prison.  Appellant was awarded one day of presentence custody credit.

Because appellant pled guilty prior to a preliminary hearing, the relevant facts are derived from the probation report.  The police conducted a search of a truck appellant was driving and found a pistol.  Appellant claimed the gun was not his, but admitted knowledge of its presence in the truck.  Appellant has numerous prior felony convictions that prohibit him from possessing a firearm.

---

[1] All further undesignated statutory references are to the Penal Code.

We appointed counsel to represent appellant in this appeal. After examining the record, counsel filed an opening brief raising no issues and requesting that we independently examine the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436.

On August 20, 2013, we advised appellant in writing that he had 30 days within which to personally submit any contentions or issues he wished to raise on appeal. In a timely response, appellant raises two claims regarding his entitlement to presentence custody credits. First, he claims he should be awarded additional credits from the date he entered his plea on January 9, 2013, until his sentencing on March 13, 2013. Appellant was awarded only one credit (for the date of his arrest) due to the fact that the remainder of his time in custody was spent serving a county jail sentence for unrelated charges in three other cases in Santa Barbara County. Appellant claims that if he had known he would not receive any additional credit toward his sentence in this case, he "would have demanded" that he be sentenced when he entered his no contest plea on January 9, 2013. Instead, his attorney waived time for sentencing and asked that he be sentenced on March 13, 2013. Appellant reasons "that if [he] was granted these credits, [he] would be in county custody 60 days earlier rather than in state prison."

This claim does not present an arguable issue for review. The record does not reflect defense counsel's reasons for requesting that sentencing be put over, nor does it reflect that appellant was unaware of the fact he was not earning presentence custody credit in this case. Moreover, appellant has not identified any legitimate, protected interest in "be[ing] in county custody 60 days earlier rather than in state prison."

Appellant's second credit claim relates to the time he allegedly spent in custody in Santa Barbara County from February 2011 until June 2011. Appellant asserts that he "bailed out on that case yet San [L]uis [Obispo County] placed a hold on me so I had to re-bail on there [*sic*] case as well." He then claims that this showing of "strict causation" entitles him to "duplicate" credits pursuant to the rule established in *In re Joyner* (1989) 48 Cal.3d 487, 489. The record is devoid, however, of any evidence to support appellant's assertions that he was in custody during the stated time period, that he made bail in the Santa Barbara County case, that a no-bail hold was placed on him by San

2

Luis Obispo County as a result of this case, or that he would have been free from custody but for such a hold. He has thus failed to meet his burden of showing that he is entitled to duplicative credits. (*Ibid.*)

Having examined the entire record, we are satisfied that appointed counsel has fully complied with his responsibilities and that no arguable issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106, 123–124; *People v. Wende, supra*, 25 Cal.3d at p. 441.)

The judgment is affirmed.

<u>NOT TO BE PUBLISHED.</u>


PERREN, J.


We concur:



GILBERT, P. J.



YEGAN, J.

Michael L. Duffy, Judge

Superior Court County of San Luis Obispo

_____

California Appellate Project, Jonathan B. Steiner, Executive Director, Richard B. Lennon, Staff Attorney, under appointment by the Court of Appeal; Matt Lewis Crandall, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.