Filed 9/24/14  P. v. Estrada CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.111.5.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>RAY MIGUEL ESTRADA,<br><br>  Defendant and Appellant. | 2d Crim. No. B254126<br>(Super. Ct. No. 2013002541)<br>(Ventura County)<br>No Change in Judgment |

THE COURT

The opinion filed herein on September 22, 2014, is modified as follows:

Change the Ventura County Superior Court number from 2013002**45**1 to read 2013002**54**1.

There is no change in judgment.

Filed 9/22/14 (unmodified version)
**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.111.5.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> RAY MIGUEL ESTRADA, <br><br> Defendant and Appellant. | 2d Crim. No. B254126 <br> (Super. Ct. No. 2013002451) <br> (Ventura County) |

Ray Miguel Estrada appeals his conviction by plea for transportation/sale of heroin. (Health & Saf. Code, § 11352, subd. (a).)  The trial court granted probation with 240 days county jail and awarded 110 days presentence credit (Pen. Code, §§ 2900.5, subd. (a); 4019).[1]  Appellant's sole contention on appeal is that the trial court failed to award him all the presentence custody credits to which he is entitled.

The Attorney General agrees.  We modify the judgment to reflect that appellant was awarded 586 days presentence credit (293 days actual custody; 293 days conduct credit). (*People v. Bruner* (1995) 9 Cal.4th 1178, 1193-1194.)  The judgment, as modified, is affirmed.

*Procedural History*

On January 30, 2013, appellant entered a plea of not guilty to one count of transportation/sale of heroin in Ventura County Superior Court.  Appellant failed to appear at a March 20, 2013 early disposition conference after he was remanded to

---

[1] All statutory references are to the Penal Code unless otherwise stated.

custody for violating probation in Los Angeles County Superior Court Case No. LASPA07251201. The Los Angeles County Superior Court revoked probation and imposed a two year sentence based on a 2012 conviction for carrying a concealed firearm. (§ 25400, subd. (a).) Appellant served 238 days and was returned to Ventura County on November 8, 2013.

On November 20, 2013, appellant entered a change of plea in the Ventura case. Pursuant to a negotiated plea, appellant was granted formal probation with 240 days county jail. The trial court awarded 110 days presentence credit (55 days actual custody and 55 days conduct credit) but denied appellant's request for presentence credits for the Los Angeles custody time.

*Dual Credits*

Appellant argues, and the Attorney General agrees that he is entitled to dual credits for the time served in Los Angeles. Anyone convicted of a felony is entitled to credit against his term of imprisonment for time spent in custody prior to sentencing. (§ 2900.5, subd. (a).) Section 2900.5, subdivision (b) provides that ". . . credit shall be given only where the custody to be credited is attributable to proceedings related to the same conduct for which the defendant has been convicted." Based on prior cases interpreting section 2900.5 (*In re Joyner* (1989) 48 Cal.3d 487 and *In re Rojas* (1979) 23 Cal.3d 152), our Supreme Court in *People v. Bruner, supra,* 9 Cal.4th 1178 distilled a rule of strict causation in calculating presentence credits: "[W]here a period of presentence custody stems from multiple, unrelated incidents of misconduct, such custody may not be credited against a subsequent formal term of incarceration if the prisoner has not shown that the conduct which underlies the term to be credited was also a 'but for' cause of the earlier restraint." (*Id.*, at pp. 1193-1194.) Stated another way, appellant must show that the conduct which led to his conviction was the *sole reason* for his loss of liberty in Los Angeles during the presentence period. (*Id.*, at p. 1191.)

But for appellant's Ventura arrest on the heroin charge, appellant would not have been in custody in Los Angeles from March 15, 2013 through November 8, 2013, a total of 238 days. Based on section 2900.5, subdivision (b) and *People v. Bruner, supra,*

2

appellant is entitled to 55 days actual custody and 55 days conduct credit for the Ventura custody time, plus 238 days actual custody (§ 2900.5, subd. (a)) and 238 days conduct credit (§ 4019) for the Los Angeles custody time.

The judgment is modified to reflect that appellant was awarded 293 days actual custody (§ 2900.5, subd. (a)) plus 293 days conduct credit (§ 4019) for a total of 586 days presentence custody credit. The clerk of the superior court is directed to amend the December 31, 2013 sentencing minute order.

The judgment, as modified, is affirmed.

NOT TO BE PUBLISHED.


                                        YEGAN, J.

We concur:


GILBERT, P.J.


PERREN, J.

Kevin J. McGee, Judge

Superior Court County of Ventura

_____

Stephen P. Lipson, Public Defender, Michael C. McMahon, Chief Deputy and Michele M. Castillo, Deputy Public Defender, for Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Scott A. Taryle, Supervising Deputy Attorney General, Linda C. Johnson, Deputy Attorney General, for Plaintiff and Respondent.