Filed 6/9/22  P. v. Saavedra

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>RAMON APODACA SAAVEDRA,<br><br>    Defendant and Appellant. | F082030<br><br>(Super. Ct. No. 20CR-01448)<br><br>**OPINION** |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Merced County.  Steven K. Slocum, Judge.

Nancy Wechsler, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Clara M. Levers and Julie A. Hokans, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]        Before Levy, Acting P. J., Smith, J. and Meehan, J.

In this appeal, defendant Ramon Apodaca Saavedra only challenges the sentence imposed. Following our review of the relevant legal standards governing the calculation of his sentence, along with a consideration of recent legislative changes, we find no error in the sentence imposed. We, therefore, affirm the judgment, and direct the trial court to prepare an amended abstract of judgment accurately reflecting the full sentence imposed on defendant at the sentencing hearing, along with the presentence credits earned at the time of sentencing.

## **SUMMARY**

Because defendant raises no claims addressing his conviction, we restrict this summary to the facts necessary to resolve the challenges to his sentence.

On September 4, 2020, defendant was found guilty by a jury of committing one count of vandalism exceeding $400, a felony (Pen. Code,[1] § 594, subd. (a)), a second count of resisting, delaying, or obstructing a peace officer, a misdemeanor (§ 148, subd. (a)(1)), and a third count of driving with a suspended or revoked driver's license, a misdemeanor (Veh. Code, § 14601.2, subd. (a)) (case No. 20CR-01448; "case 448"). At the time of his conviction, defendant was also subject to another unresolved case in which he was charged with driving with a blood-alcohol level of .08 percent or higher (Veh. Code, § 23152, subd. (b)) (case No. 20CR-01433; "case 433"). Three additional cases against defendant were also pending at this time.[2]

On November 5, 2020, defendant was sentenced in both case 448 and case 433, pursuant to a negotiated plea agreement. After accepting the plea, the trial court dismissed the three separate cases that were still pending against defendant.

---

[1]     All further statutory references are to the Penal Code unless otherwise specified.

[2]     These cases are identified in the record as Merced County Superior Court case Nos. 20CR-02176, 20CR-01469, and 20CR-00817.

2.

Once defendant admitted his blood-alcohol level was .15 percent or higher in case 433, the trial court sentenced defendant to 364 days in county jail. The court gave defendant 61 days of actual credit and 60 days of local conduct credit for a total of 121 days of credit to be applied against the sentence in case 433. The court noted this sentence would be served concurrently with the sentence imposed in case 448.

In case 448, the trial court chose the upper term of three years in prison for count 1. For count 2, the trial court sentenced defendant to 364 days, and for count 3, the court imposed a sentence of 180 days. The court stated the terms in case 448 would be served consecutively. The court then awarded defendant 173 days of credit for actual days already served and 172 days of local conduct credit for a total of 345 days of credit in case 448.

A notice of appeal was filed on November 9, 2020. Following a request from defendant to correct the calculation of presentence credits, the trial court issued a ruling on July 26, 2021, concluding there was no error.[3]

## DISCUSSION

### I. The Application of Presentence Credits

Defendant's primary challenge in this appeal concerns how presentence credits were calculated and applied to his sentence. Again, defendant's sentence involved two separate cases. In case 448, he was found guilty by a jury of three separate counts. Case 433 involved a no contest plea by defendant to a violation of the Vehicle Code.

As noted above, the trial court designated how the presentence credits would be applied when sentencing defendant on November 5, 2020. After the notice of appeal was filed, defendant submitted a letter brief to the trial court asking for a recalculation of the presentence credits, alleging he was entitled to 213 additional days of presentence credits.

---

[3] Section 1237.1 requires that a defendant seek a correction of presentence credits in the trial court before the issue can be raised on appeal. Section 1237.1 allows this request to be made after the notice of appeal has already been filed, as was the case here.

The trial court denied this request, concluding the claim seeking additional credits was not supported by the record.

### A. Appellant Has Not Shown He Is Entitled to Additional Credits

The statutory language governing the calculation of credits is found in section 2900.5. That statute provides "[i]n all felony and misdemeanor convictions, either by plea or by verdict, when the defendant has been in custody," the days constituting custody should be credited to the period of confinement for the crime resulting in the conviction. (§ 2900.5, subds. (a)–(b).)

While the language of section 2900.5 is often considered confusing in application, some useful examples have emerged from case law. For instance, courts have concluded a defendant is not entitled to presentence custody credits when he or she is charged with a crime while already incarcerated and serving a sentence on a separate crime. (*People v. Bruner* (1995) 9 Cal.4th 1178, 1180.) A defendant is also not entitled to presentence credits for a period of custody served for an unrelated charge where the defendant cannot show he or she would have been at liberty during that particular period but for the restraint imposed by the new charge later resulting in a conviction. (*In re Joyner* (1989) 48 Cal.3d 487, 489 (*Joyner*).) Moreover, when presentence custody stems from multiple unrelated incidents, custody may not be credited against more than one case unless each case is a "but for" cause of the incarceration. (*In re Marquez* (2003) 30 Cal.4th 14, 21; *In re Rojas* (1979) 23 Cal.3d 152, 156.)

Defendant was sentenced to three consecutive terms in case 448, and a single term in case 433. The court then ordered the sentence for case 433 to be served concurrently with the total of the three terms imposed for case 448. We agree that because of the concurrent terms, defendant should get the benefit of both sets of presentence credits assigned to the terms being served concurrently. (§ 2900.5, subd. (b).) Defendant, however, also contends he is entitled to additional presentence credits other than those awarded.

4.

The Supreme Court has held where presentence custody might stem from multiple unrelated incidents, a period of custody can only be credited against a subsequent formal sentence if the prisoner can show the time to be credited was related to the incident for which the sentence was imposed. (*People v. Bruner*, *supra*, 9 Cal.4th at pp. 1193–1194.) Again, when considering a period of confinement, we must consider whether the prisoner would have been free from custody "but for" the incident that resulted in the sentence. (*Joyner*, *supra*, 48 Cal.3d at p. 489.) The burden is on the defendant to establish any entitlement to presentence custody credits. (*People v. Jacobs* (2013) 220 Cal.App.4th 67, 81.)

In this case, the trial court determined portions of defendant's incarceration between February and April were attributed to both case 433 and case 448. Specifically, for case 448 defendant received 66 days of actual time credit for his incarceration between February 20, 2020, and April 25, 2020. For a slightly shorter period between February 25, 2020, and April 25, 2020, defendant was also credited with 61 days of actual time credit for case 433. For the period between May 26, 2020, and September 9, 2020, the trial court determined defendant was entitled to 107 days of actual time credit for case 448 only.

Without pointing to any clear evidence, defendant asks this court to simply accept a " 'reasonable inference' " that his custody from May 26, 2020, to September 9, 2020, was also related to case 433. We note defendant fails to acknowledge that any additional periods of confinement may have been due to the charges pending in the three separate cases that were ultimately dismissed at the time of sentencing. This is the uncertainty created by "inferences" rather than proof.

Defendant was responsible for showing the presentence custody starting in May 2020 was related to and would not have occurred "but for" the charges pending in both case 433 and case 448. (See *Joyner*, *supra*, 48 Cal.3d at p. 489.) Defendant has not

made an adequate showing demonstrating the trial court's calculation of his presence custody credits was incorrect.

## B. The Abstract of Judgment Must Be Amended

The first amended abstract of judgment issued in this case does not accurately reflect the sentence that was imposed at the time of sentencing, including the custody credits. We are only aware of the sentence imposed in case 433 with its 121 days of presence credits because of the transcript of the sentencing hearing.

"When a person is convicted of two or more crimes, whether in the same proceeding or court or in different proceedings …, the second or other subsequent judgment upon which sentence is ordered to be executed shall direct whether the terms of imprisonment or any of them to which he or she is sentenced shall run concurrently or consecutively.…" (§ 669, subd. (a).) Where there is a discrepancy between the oral pronouncement of judgment and the minute order or abstract of judgment, the oral pronouncement controls. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185–186.) An appellate court has jurisdiction to order the correction of an abstract of judgment on its own motion so that the abstract accurately reflects the sentencing court's oral judgment. (*Id*. at p. 185.)

As there is no document in the record correctly reflecting the total sentence imposed on defendant, we agree with the People, who concede that the first amended abstract of judgment must be amended to reflect the entire sentence imposed in this case. The trial court is therefore instructed to prepare a new abstract of judgment reflecting the total sentence imposed with both case numbers and both sets of presence credits identified.

## II. The Trial Court's Selection of the Upper Term for Count 1 Is Supported By the Record

At the time defendant was sentenced, section 1170 provided the choice between the lower, middle, and upper term "shall rest within the sound discretion of the court,"

6.

who determines which term "best serves the interests of justice." (§ 1170, former subd. (b).). On January 1, 2022, amendments to section 1170 made by Senate Bill No. 567 (2021–2022 Reg. Sess.) (Senate Bill 567) went into effect. Defendant now believes a portion of his sentence may be invalid due to these amendments.

Of most relevance here is the fact that the changes made to section 1170 through Senate Bill 567 make the middle term the presumptive term. A trial court may now only impose an upper term when the facts underlying the aggravating circumstances have been stipulated to by the defendant, or found true beyond a reasonable doubt by the jury or the court acting as the factfinder. (§ 1170, subd. (b)(1), (2), added by Stats. 2021, ch. 731, § 1.3.) An exception is also available allowing a trial judge to rely on certified records of a defendant's prior convictions without submitting the issue of the prior conviction to a jury. (§ 1170, subd. (b)(3).)

As Senate Bill 567's amendments to section 1170, subdivision (b), lessen punishment, and there is no indication that the Legislature intended it to apply prospectively only, the new law must be applied retroactively. Therefore, the amendment to section 1170, subdivision (b), applies to all cases not final on Senate Bill 567's effective date. (*In re Estrada* (1965) 63 Cal.2d 740, 744–745; *People v. Flores* (2022) 73 Cal.App.5th 1032, 1039.)

When sentencing defendant in this case, the trial court imposed the upper term for count 1, a violation of section 594, subdivision (a) (felony vandalism). The trial court selected the upper term after stating the following:

> "The Court is considering factors in aggravation, including the defendant's prior convictions as an adult or sustained juvenile delinquency petitions[, which] are numerous. Also, the defendant has served a prior term in prison or County Jail under [section] 1170[, subdivision] (h). And then, finally, the defendant's prior performance on probation, mandatory supervision, post-release community supervision, or parole was unsatisfactory. So I do find those aggravating factors."

While there are no certified records showing defendant's prior convictions, during his trial defendant chose to testify on his own behalf and admitted to at least three prior felony convictions as well as several misdemeanor convictions. The probation report indicates at least two of these convictions resulted in prison sentences.

The People contend we are not required to send this matter back for resentencing because the choice of the upper term was based on defendant's prior criminal history, which they contend is allowed under section 1170, subdivision (b)(3). The People cite *People v. Towne* (2008) 44 Cal.4th 63, and *People v. Black* (2007) 41 Cal.4th 799, for the proposition that criminal histories and violations of probation qualify for the exception provided in section 1170, subdivision (b)(3). While the probation report identifies numerous violations of probation, we believe defendant's testimony admitting to prior convictions satisfies the requirements of section 1170, subdivision (b)(3).

> "To the extent these aggravating circumstances were not stipulated to or found true beyond a reasonable doubt, any error in taking them into consideration is harmless. (*People v. Sandoval* (2007) 41 Cal.4th 825, 838 [' "denial of the right to a jury trial on aggravating circumstances is reviewed under the harmless … [beyond a reasonable doubt] standard set forth in *Chapman v. California* (1967) 386 U.S. 18" '].)" (*People v. Flores*, *supra*, 75 Cal.App.5th at p. 500.)

Consistent with the opinion in *Flores*, we believe any error in this case is harmless. Defendant admitted during his testimony that he had at least three prior felony convictions. A remand for resentencing is, therefore, unnecessary.

## **DISPOSITION**

The trial court is instructed to issue an amended abstract of judgment reflecting the full sentence imposed on defendant at the sentencing hearing held on November 5, 2021. The amended abstract must list the full sentences imposed at the hearing involving case Nos. 20CR-01433 and 20CR-01448, along with the presentence credits earned at the time of sentencing. Once a new amended abstract of judgment is prepared, it shall be forwarded to the appropriate authorities. In all other respects, the judgment is affirmed.