Filed 3/20/25  P. v. Castaneda-Jimenez CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>MARTIN ENRIQUE CASTANEDA-JIMENEZ,<br><br>　　　Defendant and Appellant. | A170568<br><br>(Napa County<br>　Super. Ct. No. 20CR002364) |

Defendant Martin Enrique Castaneda-Jimenez appeals from the judgment imposed after he pled no contest to felony evading a peace officer with willful disregard for safety (Veh. Code, § 2800.2, subd. (a)).  His appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), identifying no issues and requesting that this court independently review the record.  Having done so, the record did not reveal any arguable issues and, accordingly, we affirm.

## I.  BACKGROUND

In August 2020, defendant led law enforcement on a 48-mile high-speed pursuit beginning in St. Helena and ending when he crashed exiting highway 580 in the East Bay.  During the pursuit, defendant drove between 100 and 130 miles per hour in the dark, turned off and on his headlights, ran vehicles

1

off the road, and weaved around cars.[1]  He was arrested and released on bail the same day.

After an initial complaint was filed, in July 2021, defendant was charged by felony information with one count of evading a peace officer with a willful disregard for safety (Veh. Code, § 2800.2, subd. (a); Napa case).  In August 2022, defendant pled no contest to that count.  In the plea form, he stated his understanding that the maximum penalty was three years and that the trial court had indicated a midterm sentence of two years.  The court referred the matter to the probation department and set a sentencing hearing.

Defendant failed to appear at the September 2022 sentencing hearing and the trial court issued a bench warrant.  The record reveals that at some point, defendant was arrested and charged in Alameda County for a separate offense (Alameda case).  According to the presentence report, in January 2024, defendant was sentenced in the Alameda case to two years in prison for a felony conviction of assault by means of force likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(4)).[2]  After learning defendant's whereabouts, at the People's request, on March 21, 2024, defendant was transported from prison to the Napa County Department of Corrections and a detainer was placed on him.  In an updated presentence report, probation stated that defendant was entitled to one day of custody credit—the date of his arrest in 2020—and asserted that while he had again been in custody since March 21, 2024, he was not entitled to credits for that time because he was a sentenced prisoner in the Alameda case.

[1] The factual background is drawn from the presentence report.

[2] Undesignated statutory references are to the Penal Code.

2

In May 2024, the trial court conducted the sentencing hearing. Preliminarily, the court addressed the parties' dispute whether defendant was entitled to credits for the time he spent in custody in Napa County beginning on March 21, 2024 when he was transported from prison and awaiting sentencing in the Napa case. The court indicated that it would grant defendant custody credits only for his time spent in custody on the Napa case before he had been sentenced in the intervening Alameda case; it would not award him credits for the time he spent in custody prior to sentencing because it had not been demonstrated that defendant would have been at liberty during that time, as he was in custody on the Alameda case. Defense counsel disagreed, arguing the court should award credits from March 21, 2024 when he was transported from prison and detained. Even though defendant was in custody on a different case, counsel asserted that because the sentence in the Napa case was going to be a concurrent sentence, defendant should be awarded those credits. The People agreed with the court's position.

The trial court denied probation and sentenced defendant to prison for the middle term of two years,[3] to run concurrent to any other sentence he was serving at the time. The court awarded one day actual custody credit. It imposed a $300 restitution fine (§ 1202.4. subd. (b)), a $40 court operations assessment (§ 1465.8, subd. (a)(1)), and a $30 criminal conviction assessment (Gov. Code, § 70373, subd. (a)(1)). The court also imposed and stayed a $300 parole revocation restitution fine (§ 1202.45, subd. (a)).

---

[3] Before the trial court pronounced sentence, the People withdrew their request to impose the upper term, which they had repeatedly requested throughout the proceedings.

## II. DISCUSSION

Defendant appealed from the trial court's May 6, 2024 judgment. We appointed appellate counsel, who filed a *Wende* brief raising no issues and requesting that we independently review the record. (*Wende*, *supra*, 25 Cal.3d 436.) Appellate counsel advised defendant of the opportunity to file a supplemental brief, and defendant did not do so.

Defendant did not seek a certificate of probable cause and he purports to appeal from "the sentence or other matters occurring after the plea that do not affect the validity of the plea." (See § 1237.5.) Accordingly, any issues relating to the validity of his plea are not cognizable on appeal. (*Ibid.*; *People v. Mendez* (1999) 19 Cal.4th 1084, 1095, 1098–1099.)

Having conducted an independent review of the record, we have identified no arguable issues. Defendant was represented by counsel. The sentence was authorized and the fines and fees imposed by the trial court were proper. The court correctly refused to award additional custody credits for the time defendant spent in custody after being transported from prison in March 2024 while he was serving his sentence in the Alameda case. (See § 2900.5, subd. (b); *People v. Bruner* (1995) 9 Cal.4th 1178, 1193–1194; *In re Joyner* (1989) 48 Cal.3d 487, 489, 492.)

## III.   DISPOSITION

The judgment is affirmed.

4

LANGHORNE WILSON, J.

WE CONCUR:

BANKE, ACTING P. J.

SMILEY, J.

A170568
*People v. Castaneda-Jimenez*

5