Filed 6/3/13  P. v. Rowman CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G046916 |
| v. | (Super. Ct. No. 10HF0005) |
| RICHARD DANIEL ROWMAN, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Derek Guy Johnson, Judge.  Reversed.

Richard Daniel Rowman, in pro. per.; and Patrick Morgan Ford, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, and Ifeolu E. Hassan, Deputy Attorney General, for Plaintiff and Respondent.

\*          \*          \*

Defendant Richard Daniel Rowman pleaded guilty to one count of first degree residential burglary. As part of a plea agreement, defendant was sentenced to a total of 12 years in state prison.

We appointed counsel to represent defendant on appeal. Appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*), setting forth the facts of the case, raising no issues, and requesting that we independently review the entire record.

On October 29, 2012, this court provided defendant with 30 days to file written argument on his own behalf. Defendant requested additional time to file written argument; this court granted defendant's requests, and ultimately provided defendant until February 26, 2013, to file a supplemental brief. Defendant did not file a supplemental brief identifying any issues for our review.

In response to this court's order for supplemental briefing on the limited issue of defendant's presentence custody credits, defendant, his appointed counsel, and the Attorney General all filed supplemental letter briefs. We conclude defendant is entitled to additional presentence custody credits, and we direct the trial court to amend the judgment to award defendant a total of 31 days of presentence custody credit, and to prepare an amended abstract of judgment reflecting defendant's correct credits.

We have examined the entire record and counsel's *Wende/Anders* brief, and find no other arguable issue. (*Wende*, *supra*, 25 Cal.3d 436.)

BACKGROUND

Defendant's plea agreement included the following: "I offer the following facts as the basis for my guilty plea: [¶] In Orange County, California, on 12/1/09 I unlawfully entered a[n] inhabited dwelling without consent and with the intent to commit[] larceny inside." Defendant was charged with one count of first degree residential burglary. (Pen. Code, §§ 459, 460, subd. (a).) The amended felony complaint alleged defendant had suffered two prior serious and violent felony convictions (*id.*,

2

§§ 667, subds. (d) & (e)(2)(A), 1170.12, subds. (b) & (c)(2)(A)); had served five prior prison terms (*id.*, § 667.5, subd. (b)); and had been convicted of two prior serious felonies (*id.*, § 667, subd. (a)(1)).

On June 21, 2010, defendant pleaded guilty to first degree residential burglary as charged, and admitted the prior serious felony convictions and prison terms. Defendant was sentenced the same day. As part of the plea agreement, the prosecution agreed to move to strike the serious and violent felony prior conviction allegations, and further agreed to strike the prior prison terms for the purpose of sentencing. The trial court sentenced defendant, consistent with the plea agreement, to a total of 12 years in prison: two years for residential burglary, plus two five-year terms as sentencing enhancements for the prior serious felony convictions. Defendant's probation in a separate misdemeanor case was revoked and terminated.

The court awarded defendant a total of 20 days of presentence custody credit, consisting of 14 actual days' credit and six days of good conduct credit. The court also ordered defendant to pay restitution in an amount to be determined; a $200 restitution fine; a $200 parole revocation restitution fine (to be suspended unless defendant's parole was revoked); a $30 court security fee; and a $30 criminal conviction assessment fee. The court further ordered defendant to submit to DNA testing.

In December 2011, defendant, in propria persona, filed a motion to correct the abstract of judgment to award him the correct number of presentence custody credits. Defendant claimed he was entitled to 144 days of actual custody credit, plus 144 days of good conduct credit, for a total award of 288 days of presentence custody credit. The trial court denied the motion, and defendant appealed.

ANALYSIS OF POTENTIAL ISSUES

Defendant, in propria persona, filed a motion to correct the abstract of judgment, claiming he was entitled to an award of more presentence custody credits. The appellate record does not make clear on what date defendant was taken into custody in

3

connection with the present offense. Defendant filed a supplemental appellate brief, in propria persona, in which he explains he was arrested in December 2009 for a parole violation in connection with a separate conviction, and sentenced to 12 months in prison. Defendant claims he was transferred to Orange County jail on or about June 1, 2010 in connection with this case. Defendant was never released from custody before he was sentenced in the present case.

The Attorney General agrees that the appellate record is ambiguous regarding the date on which defendant was taken into custody in connection with this case, as opposed to his previous parole violation. The Attorney General further agrees that defendant was in actual custody in connection with the present offense for between 12 and 29 days. The Attorney General does not dispute defendant's representation that he was transferred to Orange County jail on or about June 1, 2010.

A defendant is not entitled to presentence custody credits when he or she is charged with a crime while already incarcerated and serving a sentence on a separate, earlier crime. (*People v. Bruner* (1995) 9 Cal.4th 1178, 1180; *In re Joyner* (1989) 48 Cal.3d 487, 489; *In re Rojas* (1979) 23 Cal.3d 152, 155.) The test is whether the defendant would have been free "but for" his or her incarceration on the second crime. "[W]hen presentence custody may be concurrently attributable to two or more unrelated acts, and where the defendant has already received credit for such custody in another proceeding, the strict causation rules of *Joyner* should apply. Here, defendant received credit for all presentence custody in his parole revocation proceeding, and he has failed to demonstrate that but for the cocaine possession leading to his current sentence, he would have been free, or at least bailable, during that presentence period. Hence, he is not entitled to duplicative credit against the current sentence." (*People v. Bruner*, *supra*, at pp. 1180–1181.) Because defendant would not have been free from custody during his presentence period in this case (until he was transferred to Orange County jail), as he was

4

imprisoned in connection with his earlier parole violation, defendant was not entitled to any additional presentence custody credits based on his December 2009 arrest.

However, a fair reading of the appellate record, combined with the representations of defendant and the Attorney General in their respective supplemental letter briefs, convinces us that defendant is entitled to more than the 20 days of presentence custody credit originally awarded. Therefore, we reverse the trial court's postjudgment order denying defendant's motion to correct the abstract of judgment, and direct the trial court to award defendant 21 days of actual custody credit (from June 1 through June 21), plus 10 days of good conduct credit, for a total of 31 days of presentence custody credit. (*People v. Gutierrez* (1991) 232 Cal.App.3d 1571, 1573 [two-for-one credits calculated by granting two days for each completed four-day block of actual custody].) Because defendant was sentenced for a serious felony, and had prior convictions for serious felonies, he was not entitled to one-for-one good conduct credits. (Pen. Code, former § 4019, subds. (b) & (c), amended by Stats. 2009, 3d Ex. Sess. 2009-2010, ch. 28, § 50.)

Our review of the record pursuant to *Wende*, *supra*, 25 Cal.3d 436 and *Anders*, *supra*, 386 U.S. 738, has disclosed no other reasonably arguable appellate issue regarding the postjudgment order. Competent counsel has represented defendant in this appeal.

Defendant completed a plea form that described the constitutional rights he was waiving by entering his guilty plea; the trial court reviewed those rights with defendant, and found defendant knowingly, intelligently, and voluntarily waived those rights. The court found there was a factual basis for the plea. The trial court's sentence was consistent with the plea agreement. The fees and fines imposed by the trial court were proper.

DISPOSITION

The postjudgment order denying defendant's motion to correct the abstract of judgment is reversed.  We direct the trial court to amend the judgment to award defendant a total of 31 days of presentence custody credit.  We further direct the trial court to prepare an amended abstract of judgment, and forward a certified copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation, Division of Adult Operations.

FYBEL, ACTING P. J.

WE CONCUR:

IKOLA, J.

THOMPSON, J.

6