[No. A133729. First Dist., Div. Three. Dec. 24, 2012.]

THE PEOPLE, Plaintiff and Respondent, v.
JOSHUA MICHAEL TORRES, Defendant and Appellant.

[No. A135425. First Dist., Div. Three. Dec. 24, 2012.]

In re JOSHUA MICHAEL TORRES on Habeas Corpus.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

*Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of part B. of the Discussion.

COUNSEL

Amos Lawrence, under appointment by the Court of Appeals, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Assistant Attorney General, Seth Schalit and Sharon E. Loughner, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**SIGGINS, J.**—The published portion of this opinion addresses the attribution of presentence credits under Penal Code section 2900.5, subdivision (b).[1] In the unpublished portion we hold that the appellant forfeited his challenge to the measure of criminal fees imposed by the trial court.

Appellant Joshua Michael Torres was serving a two-year prison sentence on a Sonoma County conviction when he entered guilty pleas to new charges in Mendocino. Part of the bargain required that he be resentenced for the Sonoma County offense. The Mendocino Superior Court accepted the plea and imposed a sentence that included a reduction of the Sonoma County sentence from two years to eight months. As a result, the Sonoma County sentence was actually served months before the modified sentence was imposed. When it awarded presentence credits, the trial court refused to award any credits for the time Torres was being held in Mendocino awaiting trial on the Mendocino crimes because, even though the newly calculated sentence on the Sonoma charge had expired, he was serving the two-year sentence from Sonoma County while he was being held for trial. We hold that the denial of presentence credits for the time following the expiration of the modified Sonoma County sentence was error.

Once the trial court resentenced Torres, it could have determined his release date on the Sonoma County charge. After that date, any time Torres spent in custody before sentencing was attributable to the Mendocino charges and he should have been awarded presentence credits for that time. Accordingly, we modify the judgment and remand for the calculation and award of additional presentence credit. As modified, the judgment is affirmed.

## FACTUAL AND PROCEDURAL BACKGROUND

*Mendocino County Case No. SCUKCRCR09-92366*

On August 27, 2009, Torres pleaded guilty to felony possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)) in Mendocino County.

---

[1] All subsequent undesignated statutory references are to the Penal Code.

The court suspended imposition of sentence and placed him on formal probation for three years, with various conditions. On November 28, 2010, Torres was arrested for violating his probation. The court summarily revoked probation on December 1, 2010.

*Mendocino County Case No. SCUKCRCR10-15906*

On December 4, 2010, a new complaint was filed in Mendocino County charging Torres with six counts of substance- and vehicle-related offenses.

*Sonoma County Case No. SCR594137*

While his two Mendocino County cases were pending, on May 19, 2011, Torres was convicted in Sonoma County for possession for sale of a controlled substance (Health & Saf. Code, § 11378). On June 17, 2011, he was sentenced to two years in state prison. He was also awarded 366 days of presentence credits, consisting of 183 days for time served and 183 days for good behavior. Torres was serving this sentence when he was delivered on August 11, 2011, to Mendocino County to face disposition of cases Nos. SCUKCRCR09-92366 and SCUKCRCR10-15906.

*Disposition of the Mendocino Cases, Resentencing on the Sonoma Conviction and the Award of Presentence Credits*

On August 24, 2011, the court accepted Torres's guilty plea to felony possession of methamphetamine for sale (Health & Saf. Code, § 11378) enhanced due to his use of a firearm (Pen. Code, § 12022, subd. (c)) in Mendocino County case No. SCUKCRCR10-15906. His guilty plea also served as an admission of the violation of probation in Mendocino case No. SCUKCRCR09-92366. The plea agreement prescribed the following sentences: the principal term of three years in state prison for the possession for sale, plus one year for the firearm enhancement, for a total prison term of four years; a consecutive eight-month prison term for the prior conviction of possession in Mendocino; and resentencing on the Sonoma case to a consecutive eight-month prison term, thus reducing the sentence in the Sonoma case from two years to eight months. The aggregate time Torres was to serve in state prison was five years four months. The trial court referred all three cases to the probation department for a report and calculation of custody credits, and scheduled sentencing for October 7, 2011.

On October 7, 2011, the probation department requested additional time to prepare its report and look into the possible issues created by the recent implementation of realignment legislation. Defense counsel asked that sentencing be continued for four weeks and stated that Torres did not object to the continuance. The court rescheduled the sentencing hearing for November 4, 2011.

On November 4, the court sentenced Torres in accordance with the plea agreement. He was given a four-year prison term in case No. SCUKCRCR10-15906 and a consecutive eight-month term in case No. SCUKCRCR09-92366. The court also recalled the original Sonoma County sentence and resentenced Torres to the modified consecutive eight-month term, pursuant to section 1170, subdivision (d).[2]

The court awarded Torres 10 days of presentence custody credits for Mendocino case No. SCUKCRCR10-15906, the controlling case (possession of methamphetamine enhanced due to use of a firearm), 62 days of presentence credits for Mendocino case No. SCUKCRCR09-92366 (possession of methamphetamine), and 366 days for the Sonoma County case. The award of presentence credits did not include credit for any time Torres was in custody from August 11, 2011, when he was delivered to Mendocino to face charges, through November 4, 2011, when he was sentenced on the Mendocino convictions and resentenced on the Sonoma conviction. The court denied credits because Torres was serving his original two-year sentence from Sonoma when he was delivered to Mendocino and therefore, it determined, his presentence custody was not solely due to the pendency of the Mendocino charges. Thus, although his Sonoma County sentence was shortened when he was resentenced, it appears Torres did not receive any credits for his time in custody following the retroactive expiration of the modified eight-month Sonoma sentence and before he was sentenced in Mendocino. Torres has timely appealed and petitioned for habeas corpus.

## DISCUSSION

### A.  *Attribution of Presentence Credits.*

Torres raises three issues on appeal. Two of them can be addressed through the attribution of presentence credits. The third we will address separately in the unpublished portion of this opinion. His principal argument concerning credits is that his counsel was ineffective when he agreed to waive time for sentencing while Torres remained in custody on his Sonoma County sentence. Specifically, Torres maintains that had he been sentenced earlier, he would have begun earning credits toward his Mendocino cases, rather than accruing the unusable credits (dead time) toward the Sonoma County case. Because

---

[2] Section 1170, subdivision (d) provides in relevant part: "When a defendant subject to this section or to subdivision (b) of Section 1168 has been sentenced to be imprisoned in the state prison and has been committed to the custody of the secretary, the court may . . . recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if he or she had not previously been sentenced, provided the new sentence, if any, is no greater than the original sentence. . . . Credit shall be given for time served."

the trial court erred in its attribution of the credits Torres earned while awaiting sentencing, we conclude there was no ineffective assistance of counsel.

■ The reduction of Torres's Sonoma sentence from two years to eight months was a material term of the plea agreement when the court accepted Torres's guilty plea on August 24, 2011. "Although a plea agreement does not divest the court of its inherent sentencing discretion, 'a judge who has accepted a plea bargain is bound to impose a sentence within the limits of that bargain. [Citation.] "A plea agreement is, in essence, a contract between the defendant and the prosecutor to which the court consents to be bound." [Citation.] Should the court consider the plea bargain to be unacceptable, its remedy is to reject it, not to violate it, directly or indirectly. [Citation.]' " (*People v. Segura* (2008) 44 Cal.4th 921, 931 [80 Cal.Rptr.3d 715, 188 P.3d 649], quoting *People v. Ames* (1989) 213 Cal.App.3d 1214, 1217 [261 Cal.Rptr. 911]; see *People v. Lytle* (1992) 10 Cal.App.4th 1, 4–5 [12 Cal.Rptr.2d 433] ["If the plea is accepted by the prosecutor in open court and approved by the court, the punishment may not be more severe than specified, and the court may not deviate from the terms of the bargain."].) When the trial court accepted Torres's guilty plea, it knew the Sonoma sentence was to be reduced from two years to an eight-month consecutive term. Thus, when the trial court imposed sentence on November 4, 2011, it was possible for the court to determine when Torres's eight-month Sonoma County sentence was fulfilled.

■ It logically follows that any time Torres spent in custody after the completion of the Sonoma County sentence should have been credited to the controlling Mendocino County case, as required by section 2900.5, subdivision (b). Section 2900.5, subdivision (b) provides that credit for time in custody is given "only where the custody to be credited is attributable to proceedings related to the same conduct for which the defendant has been convicted. Credit shall be given only once for a single period of custody attributable to multiple offenses for which a consecutive sentence is imposed."

In *People v. Bruner* (1995) 9 Cal.4th 1178, 1193–1194 [40 Cal.Rptr.2d 534, 892 P.2d 1277] (*Bruner*), the court interpreted section 2900.5, subdivision (b) to require that "where a period of presentence custody stems from multiple, unrelated incidents of misconduct, such custody may not be credited against a subsequent formal term of incarceration if the prisoner has not shown that the conduct which underlies the term to be credited was also a 'but for' cause of the earlier restraint." (See *In re Joyner* (1989) 48 Cal.3d 487, 492 [256 Cal.Rptr. 785, 769 P.2d 967].) This "strict causation" rule clearly applies "when the conduct that led to the conviction and sentence was the sole cause

of the custody to be credited." (*Bruner, supra,* 9 Cal.4th at p. 1180.) However, the court also recognized that section 2900.5, subdivision (b)'s application is more difficult "when, as often happens, the custody for which credit is sought had multiple, unrelated causes." (*Bruner,* at p. 1180.)

In *People v. Gonzalez* (2006) 138 Cal.App.4th 246, 248–250 [41 Cal.Rptr.3d 267] (*Gonzalez*), the court held that the "strict causation" rule in *Bruner* does not apply when the defendant is not seeking duplicate credits. In *Gonzalez,* the defendant spent time in custody awaiting sentencing in three different cases. (*Ibid.*) In the first case, the defendant was charged with multiple counts of domestic violence, among other offenses, and was placed on probation. (*Id.* at pp. 248–249.) While on probation, the defendant was arrested for and subsequently convicted of counts of auto theft and gun possession. (*Id.* at p. 249.) Following this arrest, his probation was revoked and he was placed in custody. (*Ibid.*) While in custody, the defendant was charged with various counts for assaulting an inmate. (*Ibid.*)

At the consolidated sentencing, pursuant to a plea agreement, the trial court sentenced the defendant to consecutive prison terms in each of the three cases. (*Gonzalez, supra,* 138 Cal.App.4th at pp. 249–250.) In calculating presentence custody credits, the trial court awarded credits to the domestic violence case and the inmate assault case, but not to the auto theft and gun case. (*Id.* at p. 250.) The credits awarded to the domestic violence case exceeded that sentence, resulting in a number of unused credits. (*Id.* at p. 250.)

On appeal, Gonzalez claimed that the trial court erred in failing to award a portion of credits to the auto theft and gun case. (*Gonzalez, supra,* 138 Cal.App.4th at p. 248.) In applying section 2900.5, subdivision (b), the court determined that the custody period at issue was attributable to both the domestic violence case and the auto theft and gun case. (*Gonzalez,* at p. 252.) However, "the prohibition in section 2900.5, subdivision (b) against duplicate credits would not be violated by awarding credits as [Gonzalez] contends because he does not seek duplicate credits for the [relevant] period of confinement." (*Ibid.*) Thus, the "strict causation" rule relied upon in *Bruner, supra,* 9 Cal.4th at p. 1180, "is not applicable where duplicate credits are not sought." (*Gonzalez, supra,* 138 Cal.App.4th at p. 254, citing *In re Marquez* (2003) 30 Cal.4th 14, 23 [131 Cal.Rptr.2d 911, 65 P.3d 403] [holding that the requirement of "strict causation" was not applicable because the charge that initially placed the defendant into custody was dismissed and therefore "no possibility of a windfall (in the form of double credit) to the [defendant] exists. Unlike in *Bruner* and *Joyner,* the choice is not between awarding credit once or awarding it twice."].) Therefore, the *Gonzalez* court held that "once the few days of custody left to complete the sentence in the domestic

violence action were credited to defendant, the remaining custodial time should have been characterized as solely attributable to the auto theft and gun case and allocated accordingly." (*Gonzalez, supra,* 138 Cal.App.4th at p. 254.)

Here, the period of Torres's custody between his sentencing in Sonoma and his sentencing in Mendocino (June 17, 2011, to Nov. 4, 2011) is attributable to both the Sonoma County case and the Mendocino County cases. Following the reasoning of *Bruner* and *Joyner*, it appears the trial court concluded that section 2900.5, subdivision (b)'s prohibition applied to deny Torres credits for this period and thus determined that any credits earned during it could only apply to the Sonoma County sentence. However, because the court reduced Torres's Sonoma County sentence from a two-year term to an eight-month term, and Torres had previously been awarded 366 days of credit toward that sentence, Torres's Sonoma County sentence was completed well before he was sentenced in Mendocino County.

As in *Gonzalez,* the number of credits awarded in the Sonoma County case far exceeded that sentence. Thus, once the modified Sonoma County sentence was fulfilled, the remaining custodial time was and should have been "characterized as solely attributable" to the controlling Mendocino case and allocated accordingly. (*Gonzalez, supra,* 138 Cal.App.4th at p. 254.)

Torres's counsel was not ineffective by asking for a continuance of his sentencing. The trial court was obligated to sentence Torres in accordance with the terms of his plea agreement. Once it reduced his Sonoma sentence to eight months, the trial court should have applied the rest of his time in custody to the four-year sentence imposed in case No. SCUKCRCR10-15906. While there may be occasions when the postponement of proceedings has implications on a defendant's time in custody, it did not here.

The matter is remanded to the trial court with directions to determine the custody attributable to the reduced Sonoma County sentence and to award presentence custody credits on the Mendocino County cases for all Torres's remaining time in custody prior to the Mendocino sentencing. Our resolution of this issue renders moot Torres's claim that excess credits in the Sonoma County case should be applied proportionately to reduce his fines.

B.   *Drug Program and Investigative Report Fees.*[*]

---

[*]See footnote, *ante,* page 440.

## DISPOSITION

The trial court is directed to prepare and file an amended abstract of judgment awarding Torres presentence credit for his time in custody following the completion of his modified eight-month sentence in Sonoma County case No. SCR594137 until his sentencing in Mendocino County on November 4, 2011. As modified, the judgment is affirmed. The petition for writ of habeas corpus is summarily denied. The trial court is directed to send a copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.

McGuiness, P. J., and Jenkins, J., concurred.