Filed 12/26/13  P. v. Tunstall CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | C072686 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF113354) |
| v. | |
| ROBERT LEE TUNSTALL, JR., | |
| Defendant and Appellant. | |

Defendant Robert Lee Tunstall pled no contest to a charge of assault by means of force likely to produce great bodily injury and was sentenced to seven years in prison. On appeal, defendant contends he is entitled to additional presentence custody credit and his restitution fine violates the constitutional prohibition against ex post facto laws.  He also contends his trial counsel was ineffective for failing to raise the ex post facto issue at sentencing.  We agree in part and remand.

1

FACTUAL AND PROCEDURAL BACKGROUND

On March 27, 2011, defendant punched victim Earl Shanahorn in the mouth without provocation. Earl Shanahorn "sustained a serious upside down 'v' shaped laceration to his upper lip and his two upper front teeth were loose."

Defendant was charged with mayhem, battery with serious bodily injury, assault by means of force likely to produce great bodily injury, and a great bodily injury sentencing enhancement (among others).

On November 3, 2011, the trial court found defendant incompetent to stand trial and ordered him to Atascadero State Hospital for treatment. At the time this determination was made, defendant was already in custody serving a six-month term for an unrelated parole violation. Since Atascadero did not have a space immediately available for him, defendant remained in the Yolo County Jail.

While defendant was awaiting transport to Atascadero, the court held several hearings regarding his case. At a hearing on December 2, 2011, the trial judge stated, "I know there's an issue of a parole hold that's apparently resolved." At a subsequent hearing on December 16, 2011, defense counsel stated, "It is my understanding that [defendant's] parole violation term has already expired. . . . [I]t is not a case where he has a pending parole violation. He was just serving a parole violation term for this incident." Defense counsel elaborated further as follows: "Your Honor, I called and spoke to Ms. Landeros with sheriff's transport. She indicated that the issue with CDC has been resolved. There's no longer a CDC hold preventing [defendant] to go [*sic*] to the state hospital. They're simply awaiting a bed. . . . So it is not an issue with CDC."

Defendant was finally transported and admitted to Atascadero State Hospital on January 26, 2012.

In July 2012, defendant was found competent to stand trial. Defendant returned to the Yolo County Jail on July 26, 2012, and criminal proceedings were reinstated.

2

On September 5, 2012, defendant pled no contest to the charge of assault by means of force likely to produce great bodily injury and admitted the related great bodily injury sentencing enhancement. In exchange, all remaining charges and enhancements were dismissed.

In advance of the sentencing hearing, a probation report was prepared that addressed (among other things) presentence custody credits and a restitution fine. According to the probation report, defendant did not start accruing any presentence custody credit until December 21, 2011, because prior to that date, "defendant was serving a six-month parole violation as an alternative basis for custody and gets no actual or conduct credits." The probation report contains only a single sentence regarding the details of defendant's parole violation: "05-16-11: VOP, rtn to CDR." No further explanation is provided.

The probation report calculated defendant's presentence credits beginning from December 21, 2012, and recommended defendant receive 288 days of actual custody credit. The 288 days of actual custody credit accounted for 36 days in Yolo County Jail awaiting transport to Atascadero State Hospital (December 21, 2011, to January 25, 2012); 182 days in Atascadero (January 26, 2012, to July 25, 2012); and 70 days in Yolo County Jail after discharge from Atascadero (July 26, 2012, to October 3, 2012).

The probation report also recommended that defendant receive 12 days of conduct credit (calculated at a rate of 15 percent of days of actual custody credit). The report explained defendant did not earn conduct credit during the time he was serving his parole violation or during the time he was committed due to incompetency. Thus, the report recommended no conduct credits during the December 2, 2011, to December 20, 2011, period because of the parole revocation term and no conduct credits during the December 21, 2011, to July 25, 2012, period because defendant was committed due to incompetency. According to the report, defendant was not eligible to start earning conduct credit until July 17, 2012, when criminal proceedings were reinstated. Thus, the

3

report recommended defendant receive conduct credit only for the 79 days he was in custody after criminal proceedings were reinstated (July 17, 2012, through October 3, 2012). By the report's calculation, this amounted to 12 days of conduct credit (15 percent x 79 days of actual custody).

The probation report also recommended a $240 restitution fine be imposed on defendant.

At the sentencing hearing on October 3, 2012, the trial court sentenced defendant to an aggregate term of seven years in prison and then addressed whether defendant was entitled to presentence custody credits for the time he spent in jail and at Atascadero prior to the sentencing hearing. The court "adopt[ed] the analysis by probation which gives [defendant] . . . 288 [days of actual custody credit] plus 12 [days of conduct credit] for a total of 300 [credits]." In awarding these credits, the judge explained that defense counsel "disagree[d] with the analysis of probation" and that the credits issue would be addressed again after further briefing by both parties.

Also at the sentencing hearing, the trial court imposed a $240 restitution fine and a $240 parole revocation fine. At the hearing, the following conversation transpired regarding the amount of the restitution fine:

"MS. PALUMBO [for the prosecution]: Your Honor, the fine under 1202.4, was that 200, 220, or 240?

"THE COURT: It was 240. What --

"MS. PALUMBO: Well, it's a November case. I mean, it's a 2011 case, so I don't know if it's 220 or 240.

"THE COURT: Well, I -- the probation report said 240, so I didn't question it.

"MR. HUTCHINSON [for the defendant]: It did change. Thank you, Ms. Palumbo, for catching that.

4

"THE COURT: Well, do you want to address that? If that's an incorrect amount, we'll modify it on the same day we address the credits unless probation has some input right now.

"THE DEFENDANT: Is the fine in lieu of time? (Whereupon, Mr. Hutchinson conferring with defendant.)

"MR. HUTCHINSON: Your Honor, I will - it's 240. I will address that in my brief, and if it should be lower, that can be addressed at the next hearing."

There is nothing in the record indicating that defense counsel provided any further briefing regarding the amount of the restitution fine.

Defense counsel subsequently filed a motion to amend the presentence credits to include five additional days of conduct credit. These additional days accounted for the December 21, 2011, to January 25, 2012, period during which defendant was held in the Yolo County Jail awaiting transport to Atascadero.[1] Defense counsel argued that defendant should have accrued conduct credit during this period and that the trial judge was wrong to award only actual custody credit during this time. The trial court granted defendant's motion and awarded five additional days of conduct credit. Defendant thus received 288 days of actual custody credit plus 17 days of conduct credit for a total of 305 days of presentence credit.

DISCUSSION

I

*Presentence Custody Credits*

Defendant contends the trial court "incorrectly calculated" his presentence custody credits because the court relied on the probation report's representation that his six-month parole revocation term expired on December 20, 2011, when in fact it had expired earlier.

---

[1] The five additional days of conduct credits "reflect[] 15% of the 36 days of pretrial confinement *in a county jail*."

5

Defendant contends that by failing to award him any presentence custody credits prior to December 21, 2011, the trial court deprived him of additional custody credits to which he is entitled.  Specifically, defendant contends his six-month parole revocation term expired on November 12, 2011.  In support of this assertion, defendant explains, "the probation report states that [defendant]'s parole violation term commenced on May 16, 2011. . . .  If six months is added to May 16, 2011 on the basis of 180 days (six times 30), then [defendant]'s parole term would have ended even earlier -- by November 12, 2011."  In the alternative, defendant contends his six-month parole term expired on December 2, 2011, because on that date the judge recognized, "there's an issue of a parole hold issue that's apparently resolved."  Defendant argues "[u]nder either scenario, it is evident that [defendant] did not receive sufficient credits" and "the matter should be remanded to the trial court so that the precise date of the expiration of [defendant]'s parole revocation term may be determined, and [his] credits may be accordingly recalculated."

The People "agree[] that the record is ambiguous regarding the last day of [defendant]'s six-month parole violation term" and "that remand is necessary in order to determine the appropriate number of presentence custody credits."  We also agree.

"A criminal defendant is entitled to accrue both actual presentence custody credits . . . and conduct credits . . . for the period of incarceration prior to sentencing."  (*People v. Kennedy* (2012) 209 Cal.App.4th 385, 395.)  "[C]ustody credits are constitutionally required and awarded automatically on the basis of time served."  (*Id*. at p. 396.)  "A sentence that fails to award legally mandated custody credit is unauthorized and may be corrected whenever discovered."  (*People v. Taylor* (2004) 119 Cal.App.4th 628, 647; *People v. Acosta* (1996) 48 Cal.App.4th 411, 428 fn. 8 ["The failure to award an adequate amount of credits is a jurisdictional error which may be raised at any time"].)

"[C]redit shall be given only where the custody to be credited is attributable to proceedings related to the same conduct for which the defendant has been convicted."  (Pen. Code, § 2900.5, subd. (b).)  Thus, where a defendant is already incarcerated serving

time for an unrelated offense, he will not begin accruing presentence credit for the new offense until his first term has expired. (See *In re Marquez* (2003) 30 Cal.4th 14, 20-21.)

Here, it is unclear when defendant should have started accruing presentence credits because the record is ambiguous as to when he was serving time related to the conduct of the instant conviction. The trial court is best suited to determine when defendant was serving time attributable to the instant offense. (See *People v. Kennedy*, *supra*, 209 Cal.App.4th at p. 394 [remanding determination of presentence custody credit because it "involves factual determinations more properly resolved [in the trial court]"]; *People v. Torres* (2012) 212 Cal.App.4th 440, 447 [remanding to trial court to determine presentence custody credits].) Accordingly, we remand to the trial court to determine when defendant was serving time attributable to the instant offense and to adjust his presentence custody credits accordingly (if necessary).

II

*Restitution Fine And Ex Post Facto Claim*

When defendant committed his crime on March 27, 2011, the minimum restitution fine for a felony offense was $200 and the maximum fine was $10,000. (Pen. Code, § 1202.4, subd. (b)(1), as amended by Stats. 2010, ch. 351, § 9.) Penal Code section 1202.4, subdivision (b)(1) provides that "[t]he restitution fine shall be set at the discretion of the court and commensurate with the seriousness of the offense." The trial court thus had discretion to impose a restitution fine within the $200 to $10,000 range. As we have noted, the court imposed a restitution fine of $240.

Defendant claims that imposition of a $240 restitution fine when the minimum fine was $200 violates the prohibition against ex post facto laws. Defendant, however, did not object to the amount of the restitution fine in the trial court. Despite his failure to object, defendant contends the issue is not forfeited because: (1) the fine is an unauthorized sentence and may be raised for the first time on appeal; (2) "the purposes of the forfeiture rule do not apply" because the trial court was alerted to the issue; and

7

(3) the trial court "sidestepped" its "duty to pass sentence and to do so correctly." Finally, defendant contends even if the issue is forfeited, "this Court should exercise that discretion [to hear the claim] . . . in order to head off a claim of ineffective assistance of counsel."

The People contend defendant forfeited his challenge to the amount of the restitution fine by failing to object in the trial court. We agree with the People. By not objecting to the amount of the restitution fine at his sentencing hearing, defendant forfeited his claim. (See *People v. Gamache* (2010) 48 Cal.4th 347, 409 [defendant forfeited his restitution challenge by failing to object during sentencing].)

Despite his failure to object, defendant attempts to circumvent the forfeiture rule by characterizing his restitution fine as an unauthorized sentence that "may be corrected at any time even without objection in the trial court." Specifically, defendant contends that because the minimum restitution fine at the time of his crime was $200, the $240 fine amounts to an unauthorized sentence. Defendant is wrong.

An unauthorized sentence is a sentence that "could not lawfully be imposed under any circumstances in the particular case." (*People v. Scott* (1994) 9 Cal.4th 331, 354.) As we have noted, when defendant committed his crime the minimum restitution fine was $200 and the maximum fine was $10,000. As defendant's $240 fine clearly falls within the permissible range, the fine is not a sentence that "could not lawfully be imposed under any circumstances." The unauthorized sentence exception to the forfeiture rule does not apply.

Defendant next contends his restitution challenge is not forfeited because "the purposes of the forfeiture rule do not apply in these circumstances because the trial court was alerted to the gist of the problem: the amount of the restitution fine was tied to the date of the crime." He argues that although "requiring objections at sentencing alerts a trial court to the problem, encourages careful exercise of discretion, decreases the risk of error and provides reviewing courts with information to adequately review a claim[,] . . .

those policies do not apply here where the prosecutor alerted the trial court to the fact that the amount of restitution depended upon the date of the crime and that the minimum restitution fine amounts had changed . . . ." Defendant's argument is not persuasive.

The purpose of the forfeiture rule is "to bring errors to the attention of the trial court so they may be corrected or avoided." (*People v. Gibson* (1994) 27 Cal.App.4th 1466, 1468.) It "is founded on considerations of fairness to the court and the opposing party, and on the practical need for an orderly and efficient administration of the law." (*Ibid.*)

As we understand it, the crux of defendant's argument here is that the trial court knew the minimum fine might be less than $240 and had the opportunity to change the fine, but failed to do so. In making this argument, defendant attempts to place the burden of clarifying the applicable law on the trial court, rather than on defense counsel. This type of burden shifting is not permitted under our case law: "Although the court is required to impose sentence in a lawful manner, counsel is charged with understanding, advocating, and clarifying permissible sentencing choices at the hearing." (*People v. Scott*, *supra*, 9 Cal.4th at p. 353.) It was defense counsel's obligation to object to the amount of the fine if it was improper. Defense counsel made no such objection. In addition, defendant cites no authority for the proposition that in the absence of a timely objection, the forfeiture rule does not apply if the trial court was "alerted" to the issue.

Defendant next contends the forfeiture rule should not apply because, given that the trial court was aware of the problem, "it was improper for the trial court to indicate that it would wait and consider the issue when the credit issue was decided." He contends "it is the trial court's primary duty to pass sentence and to do so correctly" and "the trial court should not have sidestepped the issue."

This argument is unpersuasive and defendant's reliance on *People v. Surplice* (1962) 203 Cal.App.2d 784, is misplaced. In *Surplice*, the Court of Appeal concluded the sentence imposed was void because the sentencing judge expressly stated he had not

9

exercised his independent judgment before imposing the sentence. (*Id.* at pp. 790-791.) *Surplice* is not analogous to defendant's case.

Defendant's reliance on Penal Code sections 12 and 13 is likewise unavailing. Section 12 provides there is a "duty upon the court authorized to pass sentence, to determine and impose the punishment prescribed." Section 13 provides: "Whenever . . . the punishment for a crime is left undetermined between certain limits, the punishment inflicted in a particular case must be determined by the court authorized to pass sentence . . . ." Defendant appears to argue that the court did not actually impose a sentence at the October 3, 2012, hearing and instead left the sentence undetermined. The record belies this assertion. The court imposed the $240 fine at the sentencing hearing and merely indicated the amount could be "modified" at a later date. Accordingly, defendant's challenge to the amount of the restitution fine is forfeited.

We proceed to the analysis of the ineffective assistance of counsel claim.

III

*Ineffective Assistance Of Counsel*

Defendant's ineffective assistance of counsel claim is premised on his assertion that imposition of a $240 restitution fine when the minimum fine was $200 violated the constitutional prohibition against ex post facto laws. Defendant contends that because "the $240 amount[] imposed violate[d] ex post facto principles," his trial counsel rendered ineffective assistance of counsel by failing to object to the amount of the fine.

"The standard for establishing ineffective assistance of counsel is well settled. A defendant must demonstrate that: (1) his attorney's performance fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been more favorable to the defendant." (*People v. Stanley* (2006) 39 Cal.4th. 913, 954.)

To the extent defendant argues his counsel was ineffective for failing to raise the ex post facto issue at the trial level, we disagree. Because defendant was subject to a

10

restitution fine between $200 and $10,000 based on the date of his crime, and because defendant's $240 restitution fine was well within that range, any objection based on an ex post facto violation would have been meritless. Trial counsel is not required to advance meritless arguments. (See *People v. Jones* (1979) 96 Cal.App.3d 820, 827.)

## DISPOSITION

We remand to the trial court with directions to calculate and award any additional presentence credit to which defendant is entitled. In all other respects, the judgment is affirmed.


        ROBIE        , Acting P. J.


We concur:


      DUARTE     , J.


      HOCH      , J.