Filed 5/13/15  P. v. Valentine CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COPY

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C076234 |
| Plaintiff and Respondent, | (Super. Ct. No. MF036283A) |
| v. | |
| TIMOTHY SHANE VALENTINE, | |
| Defendant and Appellant. | |

Following a jury trial, defendant Timothy Shane Valentine was convicted of assault with a deadly weapon and by means of force likely to produce great bodily injury and sentenced to two years in state prison.  On appeal, defendant contends the trial court miscalculated his presentence custody credits and failed to state the statutory basis for all of the fines and penalty assessments imposed at sentencing.

Defendant's challenge to the trial court's award of presentence custody credits raises factual issues properly resolved in the trial court.  Accordingly, we will remand to the trial court to determine defendant's actual time in custody and adjust his presentence

1

custody credits accordingly (if necessary). We also direct the trial court to state the statutory basis for the all fees, fines, and penalties imposed upon defendant. The judgment is otherwise affirmed.

## DISCUSSION

On July 24, 2013, an information was filed charging defendant with one count of assault with a deadly weapon and by means of force likely to produce great bodily injury. (Pen. Code, § 245, subd. (a)(1).)[1] The information further alleged that defendant personally caused great bodily injury to the victim. (§ 12022.7, subd. (a).)

On December 6, 2013, a jury returned a guilty verdict on the assault charge, but found the enhancement allegation not true.

Defendant was originally scheduled to appear for sentencing on January 27, 2014. In anticipation of the sentencing hearing, the probation department prepared a report indicating that defendant had been in custody for 102 days, from April 13, 2013, through January 27, 2014. The sentencing hearing was continued to March 13, 2014, resulting in an additional 44 days in custody. At the sentencing hearing, the trial court awarded defendant 146 days of custody credit and 146 days of conduct credit, for a total of 292 days of credit.

The trial court also imposed a $300 restitution fine, a $300 parole revocation fine (which was stayed pending completion of parole), a $40 court security fee, a $30 conviction fee, a $30 surcharge, and victim restitution in the amount of $61,397.95. The trial court did not recite the statutory basis for any of the foregoing fines, fees, or assessments. However, the abstract of judgment states the statutory basis for the restitution and parole revocation fines (Pen. Code, §§ 1202.4, subd. (b) and 1202.45, respectively), the "court security fee" or court operations assessment (Pen. Code,

---

[1] Undesignated statutory references are to the Penal Code.

§ 1465.8), the "conviction fee" or criminal conviction assessment (Gov. Code, § 70373), and the victim restitution award (Pen. Code, § 1202.4, subd. (f)). The abstract of judgment reflects the imposition of a $30 surcharge, but does not specify the statutory basis for the surcharge. The sentencing minute order sets forth the $30 surcharge next to the undefined acronym "TCSUR," but does not specify the statutory basis for the surcharge.

Defendant filed a timely notice of appeal.

## DISCUSSION

Defendant makes two contentions on appeal. First, he argues that the trial court miscalculated his presentence custody credits. Second, he contends the trial court failed to state the statutory basis for all of the fines and penalty assessments imposed. We consider each contention in turn.

### I

*Presentence Custody Credits*

As noted, the trial court awarded defendant 146 days of custody credit and 146 days of conduct credit, for a total of 292 days of credit. Defendant contends the trial court should have awarded him an additional 20 days of custody credit and 20 days of conduct credit, for a total of 332 days of credit. Specifically, defendant contends he was in custody and should have received credits for additional periods not reflected in the probation report.

The People, for their part, argue that the instant appeal should be dismissed because defendant failed to comply with section 1237.1, which provides: "No appeal shall be taken by the defendant from a judgment of conviction on the ground of an error in the calculation of presentence custody credits, unless the defendant first presents the claim in the trial court at the time of sentencing, or if the error is not discovered until after sentencing, the defendant first makes a motion for correction of the record in the

3

trial court." (§ 1237.1.)  We agree with the People that defendant's claim of error should have been asserted initially in the trial court under section 1237.1.

Defendant correctly observes that presentence credits may be addressed by the appellate court "in the interests of economy" where, as here, other issues have also been raised in the appeal.  (*People v. Jones* (2000) 82 Cal.App.4th 485, 493; see also *People v. Acosta* (1996) 48 Cal.App.4th 411, 427-428.)  But here, the record is unclear as to the precise number of days that defendant spent in custody before he was sentenced on March 13, 2014.

Defendant points to a series of bail bonds and bench warrants which purportedly show that he was in custody from April 13, 2013, through April 14, 2013, (2 days), from May 21, 2013, through June 14, 2013, (24 days),[2] from August 28, 2013, through October 8, 2013, (42 days), and from December 6, 2013, through March 13, 2014, (98 days), for a total of 166 days.  By contrast, the probation report indicates that defendant was in custody on April 13, 2013, (1 day), from August 22, 2013, through October 8, 2013, (48 days), and from December 6, 2013, through January 27, 2014, (53 days), for a total of 102 days.  As noted, the trial court also determined that defendant was in custody from January 27, 2014, through March 13, 2014, (44 days) for a total of 146 days.  Thus, defendant contends the trial court failed to give him credit for 26 days, and erroneously gave him credit for 6 days, resulting in a difference of 20 days.

The People challenge defendant's reliance on the bail bonds and bench warrants, arguing that they do not establish he was in custody on April 14, 2013, or from May 21, 2013, through June 14, 2013.[3]  The People also claim that "[defendant's] date calculation

---

[2] Defendant's opening brief states that he was in custody from "5/21/14-6/14/13" for a total of 24 days.  The reference to May 21, 2014, is obviously a typographical error.

[3] The People argue that:  "The record does not establish that [defendant] was in custody on April 14th nor does it establish that he was in custody between May 21, 2014, and

from December 6, 2013[,] to March 13, 2014, double counts days for which he received credit."

Although the bail bonds and bench warrants in the record raise an inference that defendant was in and out of custody on the dates claimed, they do not conclusively establish the precise number of days defendant spent in custody before he was sentenced on March 13, 2014. The trial court is in the best position to resolve such factual issues. (See *People v. Fares* (1993) 16 Cal.App.4th 954, 956-957 [interpreting documentation relevant to calculation of presentence custody credits "is the sort of determination trial courts are in the best position to make, aided by their administrative support including the probation department"].) Accordingly, we remand to the trial court to determine the precise number of days defendant spent in custody and adjust his presentence custody credits accordingly. (See *People v. Kennedy* (2012) 209 Cal.App.4th 385, 394 [remanding determination of presentence custody credits because it "involves factual determinations more properly resolved [in the trial court]"]; *People v. Torres* (2012) 212 Cal.App.4th 440, 447 [remanding to trial court to determine presentence custody credits].)

II

*Failure to State Statutory Bases for Fines, Fees, and Penalty Assessments*

Next, defendant contends the trial court failed to state the statutory basis for any of the fines, fees, and penalty assessments imposed at sentencing. According to defendant, "neither the oral pronouncement of judgment, the sentencing minute order, nor the abstract of judgment specifies the statutory basis for any of the fines ordered." The People correctly note that the abstract of judgment states the statutory basis for all of the fines, fees, and penalty assessments except the $30 surcharge. The People also note that

_____

June 14, 2014." We assume that the People's references to dates in 2014 are typographical errors.

5

there is no predesignated space on the abstract of judgment form for the $30 surcharge which, the People say, is a 10 percent administrative surcharge authorized under section 1202.4, subdivision (l).  (Judicial Council Forms, form CR-290.1, rev. July 1, 2012.)

As defendant observes, it is the oral pronouncement of judgment that constitutes the rendition of judgment; the minutes and abstract cannot add to it.  (*People v. Mitchell* (2001) 26 Cal.4th 181, 185; *People v. Zackery* (2007) 147 Cal.App.4th 380, 387-388.)  While we recognize the tedious and frequently pro forma nature of the requirement, fees and fines are part of the judgment, which must identify their amounts and statutory bases.  (*People v. High* (2004) 119 Cal.App.4th 1192, 1200.)  Here, the trial court failed to specify any statutory basis for the $30 surcharge anywhere in the record.  We therefore remand for the trial court to impose the surcharge in the proper manner.

## DISPOSITION

We remand to the trial court with directions to calculate and award any additional presentence credits to which defendant is entitled, and for proper imposition of fees.  In all other respects, the judgment is affirmed.

    RENNER            , J.

We concur:

  NICHOLSON          , Acting P. J.

   HULL             , J.