Filed 3/25/24  P. v. Ramos CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>VICTOR RAMOS,<br><br>    Defendant and Appellant. | B325519<br><br>(Los Angeles County<br>Super. Ct. No. VA101428) |

APPEAL from an order of the Superior Court of Los Angeles County.  Roger Ito, Judge.  Reversed and Remanded.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan S. Pithey, Assistant Attorney General, Noah P. Hill and Nima Razfar, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Appellant Victor Ramos pled no contest to carjacking under Penal Code section 215, subd. (a). [1] After he petitioned for resentencing, Ramos argues that the superior court made errors in his amended abstract of judgment. We agree. Accordingly, we reverse and remand so that the court may correct the new sentencing date, recalculate presentence conduct credit, and recalculate custody time up to the resentencing hearing.

## BACKGROUND

After Ramos was arrested on June 24, 2007, the Los Angeles District Attorney's Office charged him with carjacking (§ 215, subd. (a)), first degree robbery of a transit operator (§ 211), and possession of a firearm by a felon with four prior convictions (§ 12021, subd. (a)(1)). The Los Angeles District Attorney alleged a firearm enhancement under the carjacking and first degree robbery of a transit operator charges. (§ 12022.53, subd. (b).) The Los Angeles District Attorney further alleged Ramos suffered a prior strike and served four prior prison terms. (§ 667.5, subd. (b).)

On November 2, 2007, Ramos was arrested again for concealing a razor blade while being transported from jail to a court hearing for the June 24, 2007 related charges. The Los Angeles District Attorney charged him for possession of a weapon by an inmate. (§ 4502, subd. (a).)

On April 30, 2008, Ramos pled no contest to carjacking and admitted to allegations for the underlying firearm enhancement. Ramos further admitted to allegations of a prior strike and three prior prison terms.

---

[1] All further statutory references are to the Penal Code unless otherwise noted.

On May 19, 2008, the trial court sentenced Ramos to 19 years in prison. The trial court awarded Ramos 298 days of presentence custody credit, which included 199 days of actual custody credit plus 99 days of local conduct credit. The trial court did not indicate whether Ramos received conduct credits under section 2933 or section 4019.

On August 22, 2022, Ramos filed a petition for resentencing asking the court to strike his three prior prison term enhancements under section 1171.1. On September 28, 2022, the resentencing court struck the prior prison term enhancement. The court resentenced Ramos to the same sentence of 19 years by imposing the upper term of nine years in addition to ten years for a firearm enhancement.

On October 6, 2022, the resentencing court issued a new abstract of judgment that showed 5,387 days of actual custody time and zero days of local conduct credit. The abstract of judgment also incorrectly showed the resentencing date as May 19, 2008, the date of the original sentencing. The court then asked defense counsel to provide it with Ramos's presentence custody time after defense counsel determined the date of Ramos's original remand. Defense counsel then informed the court that Ramos served 5,387 days of actual custody time.

Ramos filed a notice of appeal.

On March 30, 2023, Ramos's appellate counsel moved ex parte in trial court to amend the abstract of judgment and correct Ramos's presentence custody credit. Thereafter, the superior court issued a minute order referring the matter to Ramos's trial attorney for review. In April 2023, Ramos's trial counsel informed his appellate counsel that he would not be responding

to the superior court on the matter. The superior court has not ruled on Ramos's motion.

## DISCUSSION

Ramos argues that the amended abstract of judgment is incorrect because it shows 5,387 days of actual custody credit and zero days of local conduct credit. Ramos further contends that the sentencing date on the amended abstract of judgment must reflect the resentencing date rather than the original sentencing date. The Attorney General agrees, but requests that the matter be remanded for the court to recalculate the correct number of credits. We agree that remand is appropriate so that the court can recalculate actual custody credits and local conduct credits.

When a defendant is resentenced, "the sentencing court must recalculate and credit against the modified sentence *all actual time* the defendant has already served, whether in jail or prison, and whether before or since he was originally committed and delivered to prison custody." (*People v. Buckhalter* (2001) 26 Cal.4th 20, 29 (*Buckhalter*).) "[T]he trial court [commits reversible error when it does] not update defendant's credits for actual time served between the original sentencing hearing and the resentencing hearing." (*People v. Sek* (2022) 74 Cal.App.5th 657, 673 (*Sek*).) An incorrect award of custody credits is an unauthorized sentence that we may correct on appeal. (*People v. Taylor* (2004) 119 Cal.App.4th 628, 647.)

First, the abstract of judgment should be corrected to reflect the September 28, 2022 resentencing date instead of the incorrect date of May 18, 2008. (See *Buckhalter, supra,* 26 Cal.4th at p. 29; *People v. Mitchell* (2001) 26 Cal.4th 181, 185–187.)

Second, the 5,387 days of custody credit was based on the incorrect arrest date of November 2, 2007. As such, the lower

4

court failed to correctly calculate Ramos's time served. (See *Sek, supra,* 74 Cal.App.5th at p. 673.) Based on the correct arrest date of June 24, 2007, actual custody time to and including the resentencing date is 5,576 days.

However, it is unclear if Ramos was serving presentence custody time from November 2, 2007 to the original sentencing date for the more recent felon in possession of a weapon charge or for the current case. "[C]redit shall be given only where the custody to be credited is attributable to proceedings related to the same conduct for which the defendant has been convicted." (Pen. Code, § 2900.5, subd. (b); see *In re Marquez* (2003) 30 Cal.4th 14, 20–21.) Remand is appropriate for recalculation of presentence custody credits when it "involves factual determinations more properly resolved" in the trial court (*People v. Kennedy* (2012) 209 Cal.App.4th 385, 394.) The trial court is best suited to determine when defendant was serving time attributable to the current offense. (*Ibid.*; *People v. Torres* (2012) 212 Cal.App.4th 440, 447.) Accordingly, we remand to the trial court to determine when defendant was serving time attributable to this offense and to adjust his presentence custody credits accordingly.

Third, the court must then calculate local conduct credits for the period before the original sentencing hearing. (*Buckhalter, supra,* 26 Cal.4th. at p. 30.) The Department of Corrections and Rehabilitation calculates and applies conduct credit for time following the original sentencing hearing. (*Id.* at pp. 30–31, 37.) Section 2933.1, subdivision (c), mandates that "the maximum credit that may be earned against a period of confinement in, or commitment to, a county jail . . . following arrest and prior to placement in the custody of the Director of

5

Corrections, shall not exceed 15 percent of the actual period of confinement" for a person convicted of a violent felony. Carjacking is a violent felony under section 2933.1, subdivision (a). It is unclear whether the original sentencing court calculated 99 days of local conduct credit under section 2933.1, as required. Further, given that it is unclear when Ramos was serving time attributable to the current offense, remand is appropriate so that the court may recalculate the local conduct credits between the date of Ramos's arrest for this case and his original sentencing date. Accordingly, we reverse and remand so that the court may conduct these calculations.

## DISPOSITION

We remand to the court with directions to correct the amended abstract of judgment to reflect the correct date of the resentencing hearing and to recalculate Ramos's custody credits. The recalculation should include all time served since Ramos's initial incarceration, including presentence jail credits and credits earned while incarcerated in prison prior to and through the resentencing date. We also direct the Department of Corrections and Rehabilitation to calculate Ramos's conduct credit for time served following the original sentencing date.


VIRAMONTES, J.

WE CONCUR:



GRIMES, Acting P. J.



WILEY, J.



6