Filed 5/30/14  P. v. Leon CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ARMANDO J. LEON,<br><br>    Defendant and Appellant. | E059828<br><br>(Super.Ct.Nos. RIF1203574 &<br> RIF1202636 & RIF 1203602 &<br> RIF 1209871)<br><br>**OPINION** |

APPEAL from the Superior Court of Riverside County.  Irma Poole Asberry, Judge.  Affirmed.

Jill M. Klein, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

# I

## STATEMENT OF THE CASE AND FACTS

A.   *Case No. RIF1203574*

On March 25, 2013, an amended information charged defendant and appellant

Armando Leon with stealing tools from Home Depot on June 1, 2012, in violation of

Penal Code[1] section 484, subdivision (a), with a prior second degree burglary conviction

within the meaning of section 666, subdivision (b)(1).  The information also alleged that

defendant suffered a prior serious or violent felony conviction within the meaning of

sections 667, subdivisions (c) through (e)(1), and 1170.12, subdivision (c)(1), with regard

to a 1996 conviction for first degree burglary under section 459.  The information further

alleged that defendant suffered five prior prison terms within the meaning of section

667.5, subdivision (b).

B.   *Case No. RIF202636*

On November 5, 2012, an information charged defendant with receiving stolen

property under section 496, subdivision (a), with regard to an incident on June 6, 2012

(count 1); and failing to appear in violation of section 1320, subdivision (b) (count 2).

With regard to count 2, the information also alleged that defendant committed the offense

while released from custody under section 12022.1.  The information further alleged that

defendant suffered five prior prison terms within the meaning of section 667.5,

subdivision (b); and a prior strike offense, within the meaning of sections 667,

---

[1]      All statutory references are to the Penal Code unless otherwise specified.

subdivisions (c) through (e)(1), and 1170.12, subdivision (c)(1). The prior convictions alleged were the same prior convictions alleged in case No. RIF1203574.

   C.    *Case No. RIF1203602*

On March 25, 2013, an amended information charged defendant with one count of stealing merchandise from Wal-Mart on June 23, 2012, in violation of section 484, subdivision (a), having previously been convicted of second degree burglary within the meaning of section 666, subdivision (b)(1), and having suffered a prior serious or violent felony. The information also alleged that defendant committed the offense while released from custody under section 12022.1. The information further alleged that defendant suffered five prior prison terms under section 667.5, subdivision (b), and a prior strike offense under sections 667, subdivisions (c) through (e)(1), and 1170.12, subdivision (c)(1).

   D.    *Case No. RIF1209871*

On March 25, 2013, a first amended information charged defendant with receiving stolen property under section 496, subdivision (a) (count 1); and violating Health and Safety Code section 11550, subdivision (a) (count 2), a misdemeanor – willfully and unlawfully using and being under the influence of a controlled substance. As to count 1, the information alleged that defendant committed the charged offense while released from custody on case Nos. RIF1203574, RIF1202636, and RIF 1203692, pursuant to section 12022.1. The information further alleged that defendant suffered five prior prison terms under section 667.5, subdivision (b), and a prior strike offense under sections 667, subdivisions (c) through (e)(1), and 1170.12, subdivision (c)(1).

3

E.    *Plea and Sentence*

On March 27, 2013, defendant entered a "plea to the sheet" in each of the cases. Defense counsel did not join in the plea.

At the sentencing hearing on May 17, 2013, the trial court denied defendant's request to strike the prior strike offense under *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497. The trial court then pronounced defendant's sentence in each case as follows:

In case No. RIF1209871, the trial court imposed a 13-year sentence as follows: the middle term of two years on count 1, doubled for the strike prior, plus a concurrent 90-day term on count 2. The court also imposed consecutive one-year terms on each of the five prior prison allegations. The trial court struck one of the three section 12022.1 enhancements, and imposed consecutive two-year terms on the remaining two section 12022.1 enhancements.

In case No. RIF1203574, the trial court imposed a one-year and four-month prison sentence to run consecutively to case No. RIF1209871, as follows: one-third the middle term of two years, doubled. The court stayed punishment on the five prior prison enhancements previously imposed in case No. RIF1209871.

In case No. RIF1202636, the trial court imposed a two-year and eight-month state prison sentence to run consecutively to case No. RIF1209871, as follows: one-third the middle term of two years on count 1, doubled, plus one-third the middle term of two years on count 2, doubled. The trial court stayed punishment on the five prior prison

4

term enhancements previously imposed in case No. RIF1209871. The trial court indicated that it was striking the additional section 12022.1 enhancement.

In case No. RIF1203602, the trial court imposed a one-year and four-month prison sentence to run consecutively to case No. RIF1209871, as follows: one-third the middle-term of two years on count 1, doubled. The trial court stayed punishment on the previously imposed two-year term for the section 12022.1 enhancement, and likewise stayed punishment on the previously imposed one-year terms for each of the five prior prison term enhancements.

The trial court awarded custody credits in each case, consistent with the probation officer's recommendations. The prosecutor questioned the calculation of presentence custody credits, indicating the credits were duplicative. The court invited the parties to submit authority on the issue, and the court would make the appropriate corrections.

On July 3, 2013, the prosecutor submitted a letter brief to the trial court. It argued that the court incorrectly awarded defendant duplicative custody credits. Relying on *People v. Callahan* (2006) 144 Cal.App.4th 678, *People v. Bruner* (1995) 9 Cal.4th 1178, *In re Joyner* (1989) 48 Cal.3d 487, and section 2900.5, the prosecutor argued that defendant was not entitled to full credits in each of his four criminal cases because he could not demonstrate that, in each case, he would have been free from custody "but/for" the conduct for which he was sentenced. The prosecutor requested that the trial court hold a hearing to reconsider the custody credit issue.

On August 9, 2013, the trial court held a hearing on the issue of defendant's custody credits. The trial court agreed that defendant was not entitled to any presentence

5

credit for a period of custody already credited against a sentence imposed on unrelated charges where defendant could not show that he would have been at liberty during that period. The court recalculated the amount of presentence custody credits in each case and ordered the abstracts of judgment be amended accordingly. The court also ordered the minutes in case No. RIF1203602 be corrected to accurately reflect the one-year and four-month prison term imposed; and the minutes and abstract of judgment in case No. RIF1203574 be corrected to accurately reflect the one-year and four-month prison term imposed.

On October 1, 2013, defendant filed a notice of appeal. His appeal "is based on the sentence or other matters occurring after the plea that do not affect the validity of the plea." Defendant also argues that his "sentence amounts to cruel + unusual punishment (sentence is excessive)[;]" and the court erred in denying his *Romero* motion. Defendant filed a request for certificate of probable cause, which the court granted.

## II

## ANALYSIS

After defendant appealed, and upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issues, and requesting this court to undertake a review of the entire record.

We offered defendant an opportunity to file a personal supplemental brief, and he has done so. On May 12, 2014, defendant filed a two-page handwritten supplemental

6

brief. In his brief, defendant essentially argues that his sentence is excessive. Defendant states, "[o]verall, one thing I can say is that I never denied any of the charges I was convicted of. And sure I've been in and out of prison a few times for drugs, but don't you think 18 [years and] 4 [months] is a bit excessive for petty theft/poss of stolen property? I never hurt nobody but myself and of course my 9 [year] old son, by the bad [decisions] I have made in the past. And by sending me to prison for the next decade is not going to change me or make me a better person. If anything, it's just going to make me bitter at the 'judicial system' for not being fair with there [sic] sentancing [sic] tatics [sic]. For there is no ! Rehablitation [sic]! in prison." In his brief, however, defendant fails to provide any legal basis for this argument. "[E]very brief should contain a legal argument with a citation of authorities on the points made. If none is furnished on a particular point, the court may treat it as waived, and pass it without consideration. [Citations.]' [Citations.]" (*People v. Stanley* (1995) 10 Cal.4th 764, 793.) We, thereby, deem any arguments made by defendant waived. Moreover, defendant forfeited the contention that his sentence was excessive for his crimes by failing to raise the issue below. (*People v. Em* (2009) 171 Cal.App.4th 964, 971, fn. 5; *People v. Norman* (2003)109 Cal.App.4th 221, 229.)

Notwithstanding defendant's waiver of this issue, we find that defendant's sentence is not excessive or disproportionate when compared to other crimes for which substantial sentences have been imposed and upheld on appeal. (*Rummel v. Estelle* (1980) 445 U.S. 263, 265-266, 268-286 [life sentence for credit card fraud of $80, passing a $28.36 forged check, and obtaining $120.75 by false pretenses not cruel and

unusual]; *Harmelin v. Mich.* (1991) 501 U.S. 957, 961, 995 [life sentence for possession of 672 grams of cocaine not violative of Eighth Amendment]; *Ewing v. California* (2003) 538 U.S. 11, 18, 30-31 [25-years-to-life under Three Strikes law for theft of three golf clubs worth $399 each upheld]; *Lockyer v. Andrade* (2003) 538 U.S. 63, 66 [two consecutive 25-years-to-life terms for two separate thefts of less than $150 worth of videotapes upheld].)

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

## III

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RICHLI _____
                                                                                  J.

We concur:

RAMIREZ _____
                    P. J.

HOLLENHORST _____
                    J.