Filed 6/22/21  P. v. Awad CA1/5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>v.<br><br>HAZEM NAIM AWAD,<br><br>　　Defendant and Appellant. | A161318<br><br>(Napa County<br>Super. Ct. No. 19CR000771) |

Hazem Naid Awad appeals from the judgment imposed after he pled no contest to felony false imprisonment by violence (Pen. Code, §§ 236, 237).[1] Awad's appointed appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436.  Our independent review of the record reveals no arguable issues, and we affirm.

### BACKGROUND

In December 2018, Awad threatened to kill his ex-girlfriend, with whom he had a history of domestic violence.  Specifically, Awad told his ex-girlfriend, " 'I'm going to fucking kill you bitch.  Next time I see you, I'm gonna knock your head off.' "  Awad was charged by information in Napa County Superior Court with criminal threats (§ 422) and contempt of court

---

[1] Undesignated statutory references are to the Penal Code.

(§ 166, subd. (c)(1); a misdemeanor). The information also alleged Awad had served two prior prison terms (§ 667.5, subd. (b)). Awad posted bail and was released.

In February 2020, Awad was arrested on unrelated charges in Solano County (Solano County Superior Court case number VCR235632). Awad was held in custody on the Solano County case until March 17, 2020, when he was sentenced to a prison term of two years and eight months.

Meanwhile, on February 26, 2020, Awad failed to appear for a pretrial conference in the instant case (in Napa County). His bail bond was forfeited, and a bench warrant issued. Approximately five months later, the People filed an amended information, which added false imprisonment as a third count.

On the same day, Awad's attorney appeared in court and Awad participated by videoconference from Solano County jail. Pursuant to a negotiated plea bargain, Awad pled no contest to false imprisonment and agreed to a prison term of 16 months, which would run concurrent to the longer prison sentence previously imposed in Solano County. The court advised Awad of the direct consequences of his plea; made clear that the plea bargain included no promises regarding custody credits; took waivers of Awad's rights; found a factual basis in police reports as stipulated by counsel; and found that the plea was made freely, voluntarily, and intelligently. The two remaining counts and related special allegations were dismissed on the prosecutor's motion.

At sentencing, Awad waived his right to be personally present and participated by videoconference while his attorney appeared in court. Awad's counsel argued that Awad was entitled to presentence custody credits from

the date the Napa County Superior Court ordered his bail forfeited until the instant sentencing, even though he was already serving a prison sentence.

The trial court imposed the stipulated 16-month sentence and awarded Awad, over his counsel's objection, 72 total credits for time served—representing the time between the "hold" by the Napa County Superior Court (in February 2020) and Awad's sentencing on the Solano County charges. The trial court imposed a $300 restitution fine (Pen. Code, § 1202.4, subd. (b)(1)), a $40 court operations assessment (*id.* § 1465.8, subd. (a)(1)), and a $30 criminal facility assessment (Gov. Code, § 70373, subd. (a)(1)). The court also imposed and stayed a $300 parole revocation restitution fine (§ 1202.45).

## DISCUSSION

Awad's appointed appellate counsel advised Awad, as required by *People v. Kelly* (2006) 40 Cal.4th 106, 124, of his right to file a supplemental brief to bring to this court's attention any issue he believes deserves review. Awad has not filed such a brief.

Awad was represented by counsel who competently safeguarded his interests. Awad signed a written change of plea form that described the constitutional rights he was waiving by entering his no contest plea. The trial court found defendant knowingly, intelligently, and voluntarily waived those rights and that there was a factual basis for the plea. Awad did not seek a certificate of probable cause and purports to appeal from "the sentence or other matters occurring after the plea that do not affect the validity of the plea." (See § 1237.5.) Accordingly, any issues relating to the validity of Awad's plea are not cognizable on appeal. (*Ibid.; People v. Mendez* (1999) 19 Cal.4th 1084, 1095, 1098-1099.)

The trial court's sentence was consistent with the plea agreement. The fees and fines imposed by the trial court were proper. The trial court

3

correctly refused to award additional custody credits for the time after Awad began serving his Solano County sentence.  (See § 2900.5, subd. (b); *People v. Bruner* (1995) 9 Cal.4th 1178, 1193-1194; *In re Joyner* (1989) 48 Cal.3d 487, 489, 492; *In re Rojas* (1979) 23 Cal.3d 152, 155.)

We have reviewed the entire record and identified no arguable issues.

## DISPOSITION

The judgment is affirmed.

_____
BURNS, J.

We concur:

_____
SIMONS, ACTING P.J.

_____
RODRIGUEZ, J.*

A161318

_____

&ast; Judge of the Superior Court of Alameda County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.