Filed 4/14/25  P. v. Stanley CA1/5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>DAKOTA LEE STANLEY,<br><br>　　　Defendant and Appellant. | A172236<br><br><br>(Del Norte County Super. Ct. No. CF249160) |

Dakota Lee Stanley appeals from the judgment imposed after he pled no contest to one felony count of identity theft (Pen. Code, § 530.5, subd. (a)).[1]  Stanley's appointed appellate counsel filed a brief raising no issues and asking us to independently review the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436.  Our independent review of the record reveals no arguable issues, and we affirm.

### BACKGROUND

#### A.

In two transactions occurring in January and February 2024, Stanley transferred more than $20,000, without authorization, from his former employer's bank account.

Stanley was charged by information with two counts of felony identity theft (§ 530.5, subd. (a); counts one & three) and

---

[1]  Undesignated statutory references are to the Penal Code.

1

two counts of felony grand theft (§ 487, subd. (a); counts two & four). Stanley pled no contest to count one in exchange for a stipulated two-year prison term—which would run concurrently to terms to be served in two other Del Norte County cases and a sentence he was already serving in an unrelated Humboldt County case—and dismissal of the remaining counts with a *Harvey* waiver.[2] At the change of plea hearing, the trial court advised Stanley of the direct consequences of his plea, took oral and written waivers of rights, found a factual basis, and found that the plea was freely and voluntarily made.

After considering the probation department's presentencing report, the trial court imposed the stipulated two-year prison sentence. Defense counsel argued that Stanley was entitled to presentence custody credits from the time an arrest warrant issued in the current case, even though he was then serving a prison sentence on the Humboldt County case. However, the trial could awarded no presentence credits, citing *In re Joyner* (1989) 48 Cal.3d 487.

The trial court imposed a $300 restitution fine (Pen. Code, § 1202.4, subd. (b)(1)), a $40 court operations assessment (*id.* § 1465.8, subd. (a)(1)), and a $30 criminal conviction assessment (Gov. Code, § 70373, subd. (a)(1)). The court ordered Stanley to pay a stipulated amount ($1,700) in restitution to the victim, and also imposed and stayed a $300 parole revocation fine (Pen. Code, § 1202.45). Stanley's notice of appeal indicated that the appeal was based on sentencing or other matters occurring after a guilty or no contest plea; he did not obtain a certificate of probable cause (*id.* § 1237.5).

## DISCUSSION

Stanley was advised by his appellate counsel of the right to file a supplemental brief within 30 days of the date of filing the

---

[2] *People v. Harvey* (1979) 25 Cal.3d 754.

opening brief.  But after more than 30 days, we have received no letter or brief from Stanley.  After independently reviewing the record, we conclude there are no arguable issues.

## DISPOSITION

The judgment is affirmed.

BURNS, J.

WE CONCUR:

JACKSON, P.J.
CHOU, J.

*People v. Stanley (A172236)*